IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
IN AND FOR SUWANNEE COUNTY, FLORIDA

CASE NO. 2022-CA-96
CIVIL DIVISION

THE ESTATE OF THOMAS COLEMAN
MCAULEY, by and through
A. BROOKE MCAULEY CONLAN,
Personal Representative,

    Plaintiff,

v.

ROLY'S TRUCKING, INC., a foreign corporation;
ANA MARY VAZQUEZ; and
ENELIX NEGRIN SANCHEZ,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, THE ESTATE OF THOMAS COLEMAN MCAULEY, by and through A. BROOKE MCAULEY CONLAN, Personal Representative, sues Defendants, ROLY'S TRUCKING, INC. ("ROLY'S") a California corporation; ANA MARY VAZQUEZ; and ENELIX NEGRIN SANCHEZ, (collectively, "DEFENDANTS"), and states as follows:

JURISDICTION

1. This is an action for damages in excess of $30,000.01.

2. Venue for this action is proper in the Third Judicial Circuit in and for Suwannee County, Florida, Civil Division, as that is the county in which the cause of action occurred.

1

**Exhibit "A"**

THE PARTIES

3. A. BROOKE MCAULEY CONLAN is the duly appointed personal representative of the ESTATE OF THOMAS COLEMAN MCAULEY. She is Mr. McAuley's survivor and his daughter. A copy of Letters of Administration is attached hereto as Exhibit "A."

4. Defendant, ROLY'S TRUCKING, INC. ("ROLY'S"), is a California corporation with its principal place of business located at 10299 6th Street, Rancho Cucamonga, California 91730; and its Registered Agent is Iliana Garcia located at 10299 6th Street, Rancho Cucamonga, California 91730.

5. Defendant, ANA MARY VAZQUEZ ("VAZQUEZ"), is a resident of Arlington, Texas.

6. Defendant, ENELIX NEGRIN SANCHEZ ("SANCHEZ"), is a resident of Houston, Texas.

STATEMENT OF THE ULTIMATE FACTS

7. ROLY'S is a commercial motor carrier operating under USDOT#863217.

8. At all times material to this action, ROLY'S employed commercial semi-truck drivers to transport freight products in interstate commerce.

9. At all times material to this action, SANCHEZ was an agent or employee of ROLY'S, and was acting in the course and scope of his agency or employment with ROLY'S.

10. At all times material to this action, SANCHEZ was operating a 2011 Freightliner Tractor and 2004 Trailmobile Trailer, bearing California license tag # 4LL1185 (hereinafter the "Tractor-Trailer"), with the express or implied consent of the Tractor-Trailer owner, VAZQUEZ.

**Exhibit "A"**

11. At all times material to this action, ROLY'S owed a duty to ensure that its drivers, including SANCHEZ, were properly trained and safely transported the product he was hauling for ROLY'S.

12. On November 3, 2020, at approximately 12:48 p.m., THOMAS COLEMAN MCAULEY was lawfully traveling westbound on Interstate 10 ("I-10") in Suwannee County, Florida, in the outside lane of travel.

13. At that same time and place, SANCHEZ negligently operated and/or maintained the Tractor-Trailer causing a collision with the vehicle driven by THOMAS COLEMAN MCAULEY, which resulted in the death of Mr. McAuley.

## COUNT I
## WRONGFUL DEATH AGAINST ENELIX NEGRIN SANCHEZ

14. Plaintiff incorporates by reference paragraphs 1-13 above.

15. SANCHEZ's negligence included, but was not limited to, operating his vehicle at a speed which was grossly below the minimum speed limit.

16. As a result of SANCHEZ's negligence, THOMAS COLEMAN MCAULEY was killed.

17. As a direct and proximate consequence of SANCHEZ's negligent acts or omissions, THOMAS COLEMAN MCAULEY's survivors and daughters, A. BROOKE MCAULEY CONLAN and BRANDEE M. GRINER, suffered the following damages, in whole or in part:

    a. Mental pain and suffering; and

    b. Any and all other damages allowable under law.

Exhibit "A"

18.     As a direct and proximate consequence of SANCHEZ's negligence, the ESTATE OF THOMAS COLEMAN MCAULEY sustained loss of earnings and prospective net accumulations, medical bills, and funeral expenses.

WHEREFORE, Plaintiff, A. BROOKE MCAULEY CONLAN, on behalf of the ESTATE OF THOMAS COLEMAN MCAULEY, demands judgment against Defendant ENELIX NEGRIN SANCHEZ for all damages allowable under law, together with costs of this action, and further demands trial by jury on all issues so triable.

COUNT II
WRONGFUL DEATH AGAINST ROLY'S TRUCKING, INC.

19.     Plaintiff incorporates by reference paragraphs 1-13 above.

20.     At all times material, SANCHEZ was acting in the course and scope of his employment/agency with ROLY'S.

21.     At all times material, the Tractor-Trailer operated by SANCHEZ was being operated for the benefit of ROLY'S.

22.     SANCHEZ was negligent in his operation of the Tractor-Trailer, causing a collision between the Tractor-Trailer and the vehicle operated by THOMAS COLEMAN MCAULEY.

23.     SANCHEZ's negligence included, but was not limited to, operating his vehicle at a speed which was grossly below the minimum speed limit for I-10.

24.     Under the doctrine of respondeat superior, ROLY'S is vicariously liable for the negligent acts or omissions committed by its agent, SANCHEZ, as more fully described herein.

25.     As a result of SANCHEZ's negligent acts or omissions, for which ROLY'S is vicariously liable, THOMAS COLEMAN MCAULEY was killed.

**Exhibit "A"**

26. As a direct and proximate consequence of SANCHEZ's negligent acts or omissions, for which ROLY'S is vicariously liable, THOMAS COLEMAN MCAULEY's survivors and daughters, A. BROOKE MCAULEY CONLAN and BRANDEE M. GRINER, suffered the following damages, in whole or in part:

    a. Mental pain and suffering; and

    b. Any and all other damages allowable under law.

27. As a direct and proximate consequence of SANCHEZ's negligent acts or omissions, for which ROLY'S is vicariously liable, the ESTATE OF THOMAS COLEMAN MCAULEY sustained loss of earnings and prospective net accumulations, medical bills, and funeral expenses.

WHEREFORE, Plaintiff, A. BROOKE MCAULEY CONLAN, on behalf of the ESTATE OF THOMAS COLEMAN MCAULEY, demands judgment against Defendant ROLY'S TRUCKING, INC., for all damages allowable under law, together with the costs of this action, and further demands trial by jury on all issues so triable.

<u>COUNT III</u>
<u>AGENCY AGAINST ROLY'S TRUCKING, INC.</u>

28. Plaintiff incorporates by reference paragraphs 1-13 above.

29. At all times material, SANCHEZ was acting in the course and scope of his employment/agency with ROLY'S.

30. At all times herein, the agency relationship between ROLY'S and SANCHEZ was such that there was an acknowledgment by the principal (ROLY'S) that the agent will act for it; the agent (SANCHEZ) accepted the undertaking; and principal (ROLY'S) had control over the actions of its agent (SANCHEZ) and the manner in which SANCHEZ acted as its agent.

**Exhibit "A"**

31. At all times material, the subject Tractor-Trailer was being operated by SANCHEZ for the benefit and use of ROLY'S.

32. SANCHEZ was negligent in his operation of the Tractor-Trailer and caused a collision between the Tractor-Trailer and the vehicle operated by THOMAS COLEMAN MCAULEY.

33. SANCHEZ's negligence included, but was not limited to, operating his vehicle at a speed which was grossly below the minimum speed for I-10.

34. ROLY'S knew, or with reasonable investigation, should have known that SANCHEZ was operating the Tractor-Trailer in an unsafe manner.

35. Under the doctrine of agency, ROLY'S is vicariously liable for the negligent acts or omissions of its agent, SANCHEZ, as more fully described herein.

36. As a result of SANCHEZ's negligent acts or omissions, for which ROLY'S is vicariously liable, THOMAS COLEMAN MCAULEY was killed.

37. As a direct and proximate consequence of SANCHEZ's negligent acts or omissions, for which ROLY'S is vicariously liable, THOMAS COLEMAN MCAULEY's survivors and daughters, A. BROOKE MCAULEY CONLAN and BRANDEE M. GRINER, suffered the following damages, in whole or in part:

    a. Mental pain and suffering; and

    b. Any and all other damages allowable under law.

38. As a direct and proximate consequence of SANCHEZ's negligent acts or omissions, for which ROLY'S is vicariously liable, the ESTATE OF THOMAS COLEMAN MCAULEY sustained loss of earnings and prospective net accumulations, medical bills, and funeral expenses.

**Exhibit "A"**

WHEREFORE, Plaintiff, A. BROOKE MCAULEY CONLAN, on behalf of the ESTATE OF THOMAS COLEMAN MCAULEY, demands judgment against Defendant, ROLY'S TRUCKING, INC., for all damages allowable under law, together with the costs of this action, and further demands trial by jury on all issues so triable.

COUNT IV
NEGLIGENCE AGAINST ROLY'S TRUCKING, INC.

39. Plaintiff incorporates by reference paragraphs 1-13 above.

40. ROLY'S owed the general public, including Plaintiff, a nondelegable duty to prevent the creation of inherently dangerous conditions on public roadways.

41. ROLY'S nondelegable duty arises under public policy and common law.

42. At all times material, SANCHEZ was acting in the course and scope of his employment/agency with ROLY'S.

43. ROLY'S breached its nondelegable duty by failing to prevent SANCHEZ from operating the Tractor-Trailer carrying ROLY'S materials, creating an inherently dangerous condition on a public highway.

44. ROLY'S also breached its nondelegable duty by failing to adequately supervise and train or ensure SANCHEZ was adequately trained on how to operate the Tractor-Trailer at issue, which SANCHEZ was operating for the benefit of ROLY'S.

45. Upon adequate supervision of the day-to-day activities of SANCHEZ, ROLY'S knew, or should have known, that SANCHEZ was operating the Tractor-Trailer in a negligent manner.

46. As a result of ROLY'S breach, SANCHEZ was able to negligently operate his vehicle at a speed which was grossly below the minimum speed limit for I-10.

Exhibit "A"

47. As a direct and proximate consequence of ROLY'S negligent acts or omissions, THOMAS COLEMAN MCAULEY's survivors and daughters, A. BROOKE MCAULEY CONLAN and BRANDEE M. GRINER, suffered the following damages, in whole or in part:

    a. Mental pain and suffering; and

    b. Any and all other damages allowable under law.

48. As a direct and proximate consequence of ROLY'S negligence, the ESTATE OF THOMAS COLEMAN MCAULEY sustained loss of earnings and prospective net accumulations, medical bills, and funeral expenses.

WHEREFORE, Plaintiff, A. BROOKE MCAULEY CONLAN, on behalf of the ESTATE OF THOMAS COLEMAN MCAULEY, demands judgment against Defendant, ROLY'S TRUCKING, INC., for all damages allowable under law, together with the costs of this action, and further demands trial by jury on all issues so triable.

<u>COUNTY V</u>
<u>DANGEROUS INSTRUMENTALITY AGAINST ANA MARY VAZQUEZ</u>

49. Plaintiff incorporates by reference paragraphs 1-13 above.

50. As the owner of the tractor being driven by SANCHEZ in the collision at issue herein, VAZQUEZ is vicariously liable for the negligent acts or omissions committed by SANCHEZ as more fully described herein.

51. As a direct and proximate consequence of SANCHEZ's negligent acts or omissions, for which VAZQUEZ is vicariously liable, THOMAS COLEMAN MCAULEY's survivors and daughters, A. BROOKE MCAULEY CONLAN and BRANDEE M. GRINER, suffered the following damages, in whole or in part:

    a. Mental pain and suffering; and

**Exhibit "A"**

  b. Any and all other damages allowable under law.

52. As a direct and proximate consequence of SANCHEZ's negligent acts or omissions, for which VAZQUEZ is vicariously liable, the ESTATE OF THOMAS COLEMAN MCAULEY sustained loss of earnings and prospective net accumulations, medical bills, and funeral expenses.

WHEREFORE, Plaintiff, A. BROOKE MCAULEY CONLAN, on behalf of the ESTATE OF THOMAS COLEMAN MCAULEY, demands judgment against Defendant, ANA MARY VAZQUEZ, for all damages allowable under law, together with the costs of this action, and further demands trial by jury on all issues so triable.

Respectfully submitted,

/s/ Ryan B. Hobbs

Dean R. LeBoeuf, Esq.
Florida Bar No. 0328715
Ryan B. Hobbs, Esq.
Florida Bar No. 0044179
**BROOKS, LEBOEUF, FOSTER,
 GWARTNEY & HOBBS, P.A.**
909 East Park Avenue
Tallahassee, Florida 32301
(850) 222-2000/(850) 222-9757 (fax)
dean@tallahasseeattorneys.com
rhobbs@tallahasseeattorneys.com
beata@tallahasseeattorneys.com
arlyn@tallahasseeattorneys.com

*Attorneys for Plaintiff*

**Exhibit "A"**